

**Service of Process Transmittal**
04/03/2020
CT Log Number 537488642

**TO:** Matthew Fowler
PRISMA HEALTH
1301 TAYLOR ST STE 9A
COLUMBIA, SC 29201-2963

**RE:** Process Served in South Carolina

**FOR:** Prisma Health (Domestic State: SC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tiara McGee,, Pltf. vs. Prisma Health, Dft. |
| **DOCUMENT(S) SERVED:** | * |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CP2301929 |
| **NATURE OF ACTION:** | * |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/03/2020 postmarked on 04/01/2020 |
| **JURISDICTION SERVED:** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780112579795<br><br>Image SOP<br><br>Email Notification, Matthew Fowler matthew.fowler@palmettohealth.org |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CROMER BABB PORTER & HICKS, LLC
1418 Laurel Street, Suite A
Columbia, SC 29201-2566





CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

29223-594828



# C | B | P | H

## CROMER BABB PORTER & HICKS, LLC
*Attorneys and Counselors at Law*

J. Lewis Cromer * Julius W. Babb, IV * J. Paul Porter * Ryan K. Hicks
Shannon M. Polvi * Samantha E. Albrecht * Elizabeth M. Bowen * Elizabeth S. Millender

April 1, 2020

**Via Certified Mail/Return Receipt Requested**
**#9171999991703729500607**
CT Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223

      Re:    Tiara McGee v. Prisma Health
               C/A No.: 2020-CP-23-01929

Dear Sir/Madam:

Enclosed please find a filed copy of a Summons and Complaint which is hereby served upon you as Registered Agent for Prisma Health, named Defendant with regard to the above-referenced matter.

Please remit these documents to your legal representative at your earliest convenience.

With kind regards, I am

                            Sincerely,

                            Kate M. Hesik
                            *Litigation Paralegal*

/kmh
Enclosures

Cc:    Client

---

P.O. BOX 11675 (29211) * 1418 LAUREL STREET, SUITE A * COLUMBIA, SOUTH CAROLINA 29201
PHONE: 803-799-9530 * FAX: 803-799-9533 * HTTP://WWW.CBPHLAW.COM

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>Tiara McGee,<br>                Plaintiff,<br>v.<br><br>Prisma Health,<br>                Defendant. | IN THE COURT OF COMMON PLEAS<br>THIRTEENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2020-CP-23-_____<br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                          **CROMER BABB PORTER & HICKS, LLC**

                                          BY:   s/Shannon M. Polvi
                                                     Shannon M. Polvi (SC Bar #101837)
                                                     1418 Laurel Street, Suite A
                                                     Post Office Box 11675
                                                     Columbia, South Carolina 29211
                                                   Phone: (803) 799-9530
                                                   Fax: (803) 799-9533

                                                   *Attorney for Plaintiff*

March 31, 2020
Columbia, South Carolina

ELECTRONICALLY FILED - 2020 Mar 31 3:19 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2301929

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF GREENVILLE<br><br>Tiara McGee,<br>                     Plaintiff,<br><br>v.<br><br>Prisma Health,<br>                     Defendant. | IN THE COURT OF COMMON PLEAS<br>THIRTEENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2020-CP-23-_____<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, by and through the undersigned counsel, complaining of Defendant herein, alleges as follows:

1. Plaintiff, Tiara McGee, ("McGee") is a citizen and resident of Greenville County, South Carolina, and she is employed by the Defendant, Prisma Health.

2. The Defendant, Prisma Health, ("Prisma") is an entity that provides medical services within South Carolina.

3. The Parties have sufficient connections to Greenville County, South Carolina, where Prisma employs McGee and the majority of the events at issue occurred therein, and jurisdiction is proper.

4. McGee's claim for defamation arises under South Carolina common law. McGee's other claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* ("Title VII").

5. McGee exhausted her administrative remedies for such claims by filing a Charge of Discrimination and McGee is in receipt of a Notice of Right to Sue from the United States Equal Employment Opportunity Commission. This action is timely.

1

## FACTUAL ALLEGATIONS

6. McGee is a black female.

7. McGee began employment with Prisma as a Unit Secretary in October 2018.

8. McGee's performance is satisfactory.

9. On June 26, 2019, while McGee was working at the nursing station, Robin Owens ("Owens"), Charge Nurse, a white female, asked McGee if she wanted to see something and when McGee answered Owens, Owens pulled up her shirt and showed McGee her bare breasts. McGee was very offended and immediately turned away and finished the task she was working on.

10. Then, McGee reported this incident to Ashley Abercrombie, Night Shift Assistant Nurse Manager on June 28th, 2019. Ashley Abercrombie advised McGee to file a complaint on her work computer to ensure Human Resources would receive her complaint. McGee filed the complaint on her work computer on Prisma's website "Plexus/Datix Event Reporting" as instructed by Abercrombie.

11. No appropriate action commensurate with Owen's egregious conduct was taken by Prisma, as Owen continued in her supervisory position over McGee and other Prisma staff, and Owen's conduct seemingly went without rebuke.

12. Owens has from that day forward continued a relentless series of retaliatory and targeted conduct toward McGee, both directly and through the proxies of others with whom she is close in the workplace.

13. After McGee reported Owen's offensive conduct, McGee has been shunned by the Unit Nursing team starting immediately from McGee's complaint to the present.

14. That shunning occurred immediately after McGee reported Owen's conduct to include actions by Ashley Moon ("Moon"), a white female nurse.

15. On June 27, 2019, McGee was involved with a verbal disagreement with Moon, such issues were initiated and escalated by Moon. Yet, Cynthia Trout, Nurse Manager Director, a white female, focused the blame and consequences of the verbal disagreement directly and solely on McGee and did not allow McGee to give her account of the verbal disagreement.

16. False statements were circulated by the Unit Nursing team and to others around the hospital that McGee threatened Moon. The statements that McGee threatened Moon, or any other nurse, are false. The statements accusing McGee of threatening a nurse are falsely accusing McGee of committing a crime.

17. Moon, Owens, and others employed by Prisma circulated this false accusation of McGee's alleged threats around the hospital and to individuals outside the hospital to include Moon's sister who came to the workplace and acted in an intimidating manner toward McGee.

18. As these events occurred, McGee reported to Prisma that the actions toward her were discriminatory in nature, McGee, a black female, was receiving such targeted treatment from white female employees of Prisma.

19. McGee filed an Incident Report on June 28, 2019 to the Human Resources Department.

20. McGee contacted Adrienne Carter in Human Resources to confirm that her Incident Reported was received. Other than to confirm receipt of McGee's complaint, no one from the Human Resources Department has contacted McGee about her complaint or taken any action to remedy the circumstances.

21. McGee also reported concerns to Amber Gamble ("Gamble"), Nurse Manager, via email on July 8, 2019.

3

22. McGee continued to report that she was working in a hostile work environment. Prisma failed to take remedial action to address McGee's reports.

23. At indicated in McGee's Charge of Discrimination filed with the EEOC, this case is a continuing action case. The bad acts continue, and McGee continues to suffer both economic and non-economic damages to the present. For example, McGee's bi-weekly paycheck on March 20, 2020 was $73.71. McGee's bi-weekly paycheck on March 6, 2020 was $5.78. McGee's bi-weekly paycheck on February 7, 2020 was $65.71. Despite that Prisma is understaffed for McGee's position and other individuals in McGee's role are working extra shifts, Prisma has intentionally failed to schedule McGee to work. On multiple occasions, when Prisma has scheduled McGee to work, she has been contacted by Prisma representatives and told the scheduling was inaccurate and that she was not to report to work.

24. Since June 26, 2019 to the present and likely continuing into the future, Prisma, through the actions of multiple of its employees, has continuously tried to intimidate, berate, harass, and fail to schedule McGee to work, all in an effort to silence her and force McGee to quit.

### FIRST CAUSE OF ACTION
(Title VII – Sex Discrimination)

25. Where not inconsistent herewith, the foregoing are realleged paragraphs.

26. McGee is a female and is a member of a protected class.

27. On June 26, 2019, while McGee was making copies in the break area, Owens, the Charge Nurse in a supervisory position over McGee pulled up her shirt and showed McGee her bare breasts. McGee was very offended. Such action by Owen is sexual harassment in the workplace.

28. The *Faragher-Ellerth* affirmative defense does not apply here because Prisma failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

4

This is further compounded by that Owens took this same action on more than one occasion and she remains employed and she remains in her supervisory role and Prisma has allowed Owen's conduct to continue unchecked to the present.

29.  McGee utilized all preventative and corrective opportunities, purportedly provided by Prisma, by complaining to supervisory and Human Resources officials and Prisma took no action.

30.  Prisma's actions have adversely affected McGee's conditions of employment and deprived McGee of her statutory right to a workplace free of harassment.

31.  McGee's sex, female, was the direct and proximate cause of the adverse employment actions taken by Prisma's agents and employees, acting within the course and scope of their duties, which violated the Civil Rights Act of 1964, for which Prisma is liable. While reporting the sexual misconduct to Cynthia Trout Director of Nursing McGee's complaint was called "childish" by Trout.

32.  Prisma has violated McGee's rights under Title VII of the Civil Rights Act and has directly and proximately caused her damages, for which it is liable, including: loss of salary and benefits, back pay, front pay, reduced income and retirement benefits, lost benefits, as well as mental, physical, and emotional suffering. Further, Prisma's conduct was willful and wanton and McGee is entitled to punitive damages for the same. McGee also requests pre-judgment interest and attorney's fees and costs of this action.

**SECOND CAUSE OF ACTION**
**(Title VII Retaliation)**

33.  Where not inconsistent herewith, the foregoing are realleged paragraphs.

34. McGee engaged in protected activities under Title VII when she complained about harassment that occurred on June 26, 2019 and the continued hostile work environment and retaliatory actions that occurred thereafter.

35. Because Prisma failed to take any appropriate action with regard to the harassment McGee reported she continued to face a hostile work environment.

36. Prisma has continued to take adverse action toward McGee's employment after she reported the harassment through targeted hostile treatment amounting to a hostile work environment and failing to schedule McGee and failing to employ McGee in the manner that it did so prior to her protected activities thereby impacting the terms and conditions of McGee's employment.

37. These actions taken against McGee, which have resulted in her damages, are the result of the planned and concerted effort to retaliate against McGee for protected activities.

38. After McGee complained about the harassment in attempt to use internal means to redress workplace harassment, the retaliatory treatment intensified and resulted in McGee's decision to request that she not work while Owen's is working.

39. Prisma is liable to McGee for the willful, wrongful, and bad faith retaliation against McGee for her protected activities. McGee is entitled to an award of actual damages, including, but not limited to, back pay, front pay, loss of benefits, reduced retirement, and damages for reputational harm and emotional distress. McGee is also entitled to punitive damages for the willful and intentional acts of Prisma through its agents and employees, for pre-judgment interest, and reasonable attorney's fees and costs of this action.

## THIRD CAUSE OF ACTION
### (Title VII - Race Discrimination)

40. Where not inconsistent herewith, the foregoing are realleged paragraphs.

41. McGee is a black female and all of the targeted adverse treatment she has received, as described above, has been directed from white female employees of Prisma.

42. McGee has suffered a hostile work environment and disparate terms and conditions of employment on the basis of her race.

43. McGee's race, African American, was the direct and proximate cause of the adverse employment actions taken by Prisma's agents and employees, acting within the course and scope of their duties, which violated the Civil Rights Act of 1964, for which Prisma is liable

44. Because Prisma failed to take any appropriate action with regard to the discrimination McGee reported, she continued to face a hostile work environment and disparate terms and conditions impacting her scheduled work and livelihood.

45. Prisma is liable to McGee for the willful and wrongful race discrimination against McGee. McGee is entitled to an award of actual damages, including, but not limited to, back pay, front pay, loss of benefits, reduced retirement, and damages for reputational harm and emotional distress. McGee is also entitled to punitive damages for the willful and intentional acts of Prisma through its agents and employees, for pre-judgment interest, and reasonable attorney's fees and costs of this action.

### FOURTH CAUSE OF ACTION
### (Defamation)

46. Where not inconsistent herewith, the foregoing are realleged paragraphs.

47. False statements were circulated by the Unit Nursing team and to others around the hospital that McGee threatened Moon. The statements that McGee threatened Moon, or any other nurse, are false. The statements accusing McGee of threatening a nurse are falsely accusing McGee of committing a crime.

7

48. In South Carolina, if an individual makes threats through their word or actions to another that puts that person in imminent fear of harm or danger that individual can be charged with a criminal action, such a charge is typically considered assault and battery in the third degree in South Carolina. Thereby, McGee was falsely accused of committing a crime.

49. Moon, Owens, and others employed by Prisma circulated this false accusation of McGee's alleged threats around the hospital and to individuals outside the hospital, to include Moon's sister who came to the workplace and acted in an intimidating manner toward McGee.

50. Prisma defamed McGee in word by accusing McGee of a crime. Such statements about McGee were knowingly false and maliciously published.

51. These false and pretextual statements were maliciously published by Prisma's agents and employees acting within the course and scope of their employment. The defamation for which Prisma is responsible sourced from Moon, Owens, April Shahroozi, Carson Henderson and possibly others, including but not limited to the Director of Nursing.

52. The defamatory publications are known to McGee to have been made at the end of June 2019, such defamatory statements continued into July 2019, and potentially other specific dates that are unknown to Plaintiff that transpired during the months to the present when McGee is no longer being scheduled to work by Prisma.

53. The defamatory statements were published to employees of Prisma outside of the need-to-know basis and without any privilege attaching and to people outside of the workplace, including but not limited to Moon's sister.

54. The defamatory actions and words of Prisma have directly and indirectly promulgated to the public at large the false insinuation that McGee committed a crime.

55. Such a portrayal of McGee as someone who issued a threat, typically considered assault and battery in the third degree in South Carolina, is false, known to be false, made with malicious intent to harm McGee, in reckless disregard of the truth, and is defamatory *per se*; further, the above constitutes defamation by action as well as words and is actionable under the laws of the State of South Carolina.

56. As a direct and proximate result of the aforesaid defamation, McGee's personal and professional reputation has been damaged, she has suffered physical and emotional distress, mental anguish, humiliation, and she has also suffered the loss of earnings.

57. McGee is entitled to judgment against Prisma in an amount equal to the sum of her actual damages, including reputational harm, embarrassment, and suffering, and for attorney's fees and costs for bringing this action. McGee is also entitled pre-judgment interest and to an award of punitive damages to be determined by a jury for the malicious and intentional conduct of Prisma.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tiara McGee prays for judgment against Defendant Prisma Health for all actual, compensatory, reputational, and punitive damages as plead above in an amount to be determined by a jury, to the full extent allowed by law. McGee further prays for pre-judgment interest and attorneys' fees and costs associated with this action and any such other relief as the Court may deem just and proper, and any other and further relief as this Court may deem just and proper from Prisma.

ELECTRONICALLY FILED - 2020 Mar 31 3:19 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2301929

ELECTRONICALLY FILED - 2020 Mar 31 3:19 PM - GREENVILLE - COMMON PLEAS - CASE#2020CP2301929

                                          **CROMER BABB PORTER & HICKS, LLC**

                                          BY: *s/Shannon M. Polvi*
                                                  Shannon M. Polvi (SC Bar #101837)
                                                  1418 Laurel Street, Suite A
                                                  Post Office Box 11675
                                                  Columbia, South Carolina 29211
                                                  Phone: (803) 799-9530
                                                  Fax: (803) 799-9533

                                          *Attorney for Plaintiff*

March 31, 2020
Columbia, South Carolina

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF GREENVILLE | ) | C.A. No. 2020-CP-23-01929 |

| | |
|---|---|
| Tiara McGee, | ) |
|         Plaintiff, | ) |
| v. | ) |
| Prisma Health. | ) |
|         Defendant. | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    Shannon M. Polvi, Esq.
Cromer Bab Porter & Hicks, LLC
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211

The Honorable Paul B. Wickensimer
Greenville County Clerk of Court
305 E. North Street
Greenville, SC  29601

PLEASE TAKE NOTICE that the Defendant in the above-captioned action has, on the 1st day of May, 2020, filed its Notice of Removal in the Office of the Clerk of the United States District Court for the District of South Carolina, Greenville Division.  (Attachment A.)  Pursuant to 28 U.S.C. § 1446(d), the Court of Common Pleas for Greenville County, South Carolina shall proceed no further unless or until the case is remanded.

**[SIGNATURE ON FOLLOWING PAGE]**

2

Dated this 1st day of May, 2020.

          Respectfully submitted,

          OGLETREE, DEAKINS, NASH,
            SMOAK & STEWART, P.C.

By:   /s/Lucas J. Asper
      Lucas J. Asper
      M. Brooks Miller
      300 North Main Street, Suite 500
      Greenville, South Carolina 29601
      Phone: (864) 271-1300
      Fax: (864) 235-8806
      lucas.asper@ogletree.com
      brooks.miller@ogletree.com

      **Attorneys for Defendant**

42575351.1

2